IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | ) ) ) | |
| **Plaintiff,** | ) ) | Civil Action File No. |
| v. | ) ) ) | |
| CALVIN DARDEN AND PATRICIA GAIL DARDEN | ) ) ) | |
| **Defendants.** | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Bankers Standard Insurance Company ("Bankers Standard"), by and through its attorneys, and files this Complaint for Declaratory Judgment against Defendants Calvin Darden and Patricia Gail Darden (the "Dardens"), showing the Court as follows:

## THE PARTIES

1.

Bankers Standard is an insurance company organized under the laws of the state of Pennsylvania and maintains a principal place of business in Philadelphia, Pennsylvania. Bankers Standard is a citizen of the state of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332.

20989765

2.

Upon information and belief, Defendants Calvin Darden, Sr. and Patricia Gail Darden maintain a primary residence located in Roswell, Georgia and are citizens of the State of Georgia within the meaning and intent of 28 U.S.C. § 1332.

**JURISDICTION AND VENUE**

3.

Plaintiff and Defendant are citizens of different states, and as is more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.  Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

4.

This Court is the proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391(a) because Defendants reside in Georgia and the insurance policy was issued and delivered in Roswell, Fulton County, Georgia, which is in the Northern Judicial District, Atlanta Division, pursuant to 28 U.S.C. § 90(a)(2).

5.

Bankers Standard seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "right and other legal relations of any

interested parties seeking such declaration, whether or not further relief is or could be sought."

## FACTUAL BACKGROUND

6.

Bankers Standard is, and during all relevant times has been, in the business of underwriting and issuing policies of homeowners' insurance and is authorized to transact the business of insurance in the State of Georgia.

7.

The Dardens are insured through a homeowners insurance policy, Policy No. 268-00-99-36H, issued by Bankers Standard (hereinafter referred to as the "Homeowners Policy"). A true, accurate, correct and genuine copy of the Homeowners Policy is attached hereto as Exhibit "A." The Policy was in effect from March 31, 2011 through March 31, 2012 and provides $500,000 in personal liability coverage.

8.

The Dardens are also insured under an Umbrella policy, Policy No. 268-00-99-36U, which was effective from March 31, 2011 through March 31, 2012 and provides $10,000,000 in personal umbrella liability coverage (hereinafter referred

to as the "Umbrella Policy").  A true, accurate, correct and genuine copy of the Umbrella Policy is included in Exhibit "A."

9.

The Homeowners Policy provides the following coverage:

> **DEFINITIONS**
>
> In this policy, *you* and *your* mean the person shown in the Declarations and the spouse if a resident of the same household.  *We, us* and *our* mean the Company providing this insurance.
>
> In addition, certain words and phrases are defined as follows:
>  . . .
>
> **2.  *Bodily Injury*** means physical harm, sickness, mental anguish, sickness or disease, including required care, loss of services and death that results.
>  . . .
>
> **8.** *Insured location* means:
>   **a.** The *residence premises*;
>   **b.** The part of any other premises, other structures and grounds used by you as a residence;
>      **(1)** Which is shown in the Declarations; or
>      **(2)** Which is acquired by you during the *policy period* for your use as a residence;
>   **c.** Any premises used by you in connection with a residence described in **a.** and **b.** above;
>   **d.** Any part of a premises where an insured person is temporarily residing;
>   **e.** Vacant land, other than farm land, owned by or rented to an *insured person*;

4

    **f.** Land owned by or rented to an *insured person* on which a one or two family dwelling is being built as a residence for an *insured person*;
    **g.** Individual or family cemetery plots or burial vaults of an *insured person*; or
    **h.** Any part of a premises occasionally rented to an *insured person* for other than business use.

**9.** *Insured person* means:
   **a.** You and residents of your household who are:
     **(1)** Your *family members*; or
     **(2)** Other persons under the age of 25 and in the care of any person described above;

   **b.** Under Part **II**, *insured person* also means:
     **(1)** With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft that are owned by you or any person included in **a.** above.
*Insured person* does not mean a person or organization using or having custody of these animals or watercraft in the course of any business or without consent of the owner; or
     **(2)** With respect to any motor vehicle to which this policy applies:
      **(a)** Persons while engaged in your employ or that of any person included in **a.** above; or
      **(b)** Other persons using the vehicle on an *insured location* with your consent with respect to their legal responsibility arising out of its use.

. . .

**11.** *Occurrence* means:
   **a.** An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during the *policy*

5

*period* and results in *bodily injury* or *property damage*; or
  **b.** An offense, including a series of related offenses, committed during the *policy period* and results in *personal injury*.

## PART II – LIABILITY

...

## LIABILITY COVERAGES

**1.** **Personal Liability**
If a claim is made or a suit is brought against an *insured person* for damages because of *bodily injury*, *property damage* or *personal injury* caused by an *occurrence* to which this coverage applies anywhere in the world, we will pay up to our limit of liability for the damages for which an *insured person* is legally liable.

. . .

## DAMAGES WE DO NOT COVER

**3. Watercraft**
We do not cover any *bodily injury, property damage, personal injury* or *medical expenses* arising out of the ownership, maintenance, occupancy, operation, use, loading or unloading, entrustment to any person, failure to supervise or negligent supervision of any person, or vicarious liability of any watercraft:
  **a.** That is 26 feet or more in length or more than 50 horsepower and which is owned by an insured person or furnished or rented to an insured person for longer than 30 days;
  **b.** Used for any business or commercial purpose; or
  **c.** Operated in, or practicing for, any prearranged or organized race, speed contest or other competition.

6

>    This exclusion **c**. Does not apply to a sailing vessel less than 26 feet in length.
>
>   This exclusion does not apply to watercraft that are stored.

Policy No. 268-00-99-36H, Policy Form HOME ACE-0109, Exhibit "A."

10.

The Umbrella Policy contains definitions, conditions and exclusions for personal injury and property damage that are similar to the Homeowners policy. In part, the Umbrella Policy states:

> **PERSONAL UMBRELLA COVERAGE**
>
> We will pay *damages* an *insured person* becomes legally liable to pay for *bodily injury, property damage, personal injury* caused by an *occurrence* to which this insurance applies:
>
> **a.** In excess of *damages* covered by *required underlying insurance* plus the applicable limits of any other collectible insurance that covers the *insured person* for the *occurrence*;
> **b.** From the first dollar where *required underlying insurance* either:
> 
>    **(1)** Exists, but does not apply to the particular *occurrence*; or
>    **(2)** Is not required under this policy and no other collectible insurance exists.
>
> . . .
>
> **DAMAGES WE DO NOT COVER**
>
> **3. Watercraft**

> We do not cover any *damages* that arise out of the ownership, maintenance, occupancy, operation, use, loading or unloading, entrustment to other people, or vicarious liability of any *watercraft*:
>> **(1)** That is 26 feet or more in length or 50 or more horsepower and owned by, furnished or rented to an *insured person* for longer than 90 days and is not shown in the Declarations;
>> **(2)** Not covered by *required underlying insurance*; or
>> **(3)** Used for any *business* or commercial purpose.
>
> This exclusion does not apply to:
>> **(1)** Any *watercraft* while it is stored or at a place an *insured person* owns, rents or controls; or
>> **(2)** Covered *damages* as provided under Extra Benefit **4.** Newly Acquired Auto and Watercraft Coverage.

Policy No. 268-00-99-36U, Policy Form UMBRELLA ACE-0109, Exhibit "A."

11.

On August 10, 2012, Dwight Sims ("Mr. Sims") filed a Complaint against the Dardens in the Circuit Court of Hamilton County, Tennessee, Docket No. 12C979 (hereinafter referred to as the "Sims Lawsuit"). A true, accurate, correct and genuine copy of the Complaint is attached hereto as Exhibit "B." In the Complaint, Mr. Sims demands $875,000 in damages.

12.

In his Complaint, Mr. Sims alleges that, on September 3, 2011, he sustained

injuries caused by the allegedly negligent operation of the Darden's boat. *Id.*

13.

The Darden's boat was not scheduled on the Darden's Homeowners or Umbrella policy. *See* Homeowners and Umbrella Policies, Exhibit "A."

14.

Upon information and belief, the boat involved in the accident was a 21 foot Sun Tracker that the Dardens purchased approximately two years prior to the accident date.

15.

Upon information and belief, the Darden's Sun Tracker boat was outfitted with a 220 horsepower motor at the time of the loss.

16.

Upon information and belief, the loss did not occur within 90 days following the purchase of the boat.

17.

On November 3, 2011, Bankers Standard wrote the Dardens stating it was "conducting its investigation and defense of this claim under and subject to a full reservations of rights pursuant to the terms and conditions of the policy of insurance under which claim has been made." A true, accurate, correct and

9

genuine copy of the letter is attached hereto as Exhibit "C."  On October 3, 2012, Bankers Standard wrote the Dardens advising that "there is no coverage under the policy for the claims asserted in the lawsuit."  A true, accurate, correct and genuine copy of the letter is attached hereto as Exhibit "D."  The letter further stated: "In the event you are held legally liable by a judgment or settlement because the vessel you were operating at the time of the accident was not insured under your Home or Umbrella policies.  You would remain responsible for the payment of any award or judgment entered against you in the litigation, or for any amount agreed by you to settle the lawsuit."  *Id.*  Bankers Standard did, however, agree to defend the Dardens in the Sims Lawsuit.  *Id.*  On May 22, 2015, Bankers Standard sent the Dardens supplemental correspondence advising that it reserved the right to recover any and all monies it expended in providing counsel for any non-covered claims.  A true, accurate, correct and genuine copy of this correspondence is attached as Exhibit "E."

18.

The Dardens take the position there is coverage under the Policy.

## COUNT I: DECLARATORY RELIEF

19.

Bankers Standard incorporates herein by reference each of the allegations contained in paragraphs 1 through 18 above.

20.

The accident at issue in the Sims Lawsuit involved Mr. Darden's Sun Tracker boat which had a 220 horsepower motor at the time of the loss.

21.

The loss did not occur within 90 days following the purchase of the boat.

22.

The Policy provides coverage for accidents arising out of small boats purchased or rented by the insured under certain circumstances, but not for a period longer than 90 days following a purchase, and never for watercraft equipped with a motor in excess of 50 horsepower.

23.

Accordingly, there is no coverage under the Homeowners or Umbrella Policies for the claim asserted in the Sims Lawsuit.

24.

Bankers Standard is, therefore, entitled to a judicial declaration stating that Homeowners and Umbrella Policies do not provide coverage for the Sims Lawsuit.

## **COUNT II: RECOUPMENT**

25.

Bankers Standard incorporates herein by reference each of the allegations contained in paragraphs 1 through 24 above.

26.

Bankers Standard has paid attorneys' fees and other costs and expenses to defend the Dardens in the Sims Lawsuit, and it may pay additional monies to resolve claims, losses and matters not covered by the Policy.

27.

Bankers Standard is entitled to recoup from the Dardens the defense costs and/or other monies paid to resolve claims, losses and matters not covered by the Policy.

28.

WHEREFORE, Bankers Standard prays of this Honorable Court as follows:

(a)     That this Court declare that the Homeowners and Umbrella Policies do not provide coverage for the claims asserted in the Sims Lawsuit;

(b) That judgment be rendered in favor of Bankers Standard and against the Dardens for any fees, costs and expenses that may have been paid to defend the Dardens in the Sims Lawsuit, and for any additional monies paid to resolve claims, losses and matters not covered by the Policy; and

(c) That Bankers Standard receive such other relief as this Court deems just and proper.

Respectfully submitted this 17th day of June, 2015.

s/**Alycen A. Moss**
Alycen A. Moss
Georgia Bar No. 002598
V. Morgan Carroll
Georgia Bar No. 157092
Cozen O'Connor
Suite 400, Promenade Building
1230 Peachtree Street, N.E.
Atlanta, GA  30309
Telephone:  (404) 572-2000
E-mail: amoss@cozen.com
E-mail: vcarroll@cozen.com

*Attorneys for Plaintiff*
*Bankers Standard Life Insurance Company*
